## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELANGELO MALLEO, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:17-CV-0784 (JCH) |
| | : | |
| v. | : | |
| | : | |
| ABBVIE, INC., | : | |
| Defendant. | : | JULY 2, 2020 |
| | : | |

### RULING ON PLAINTIFF'S MOTION IN LIMINE NO. 3 (DOC. NO. 113), AND DEFENDANT'S MOTIONS IN LIMINE NOS. 3, 4, AND 9 (DOC. NO. 125)

On May 27, 2020, the court held a multi-hour pre-trial conference, ruling on many of the multiple Motions in Limine. See Minute Entry (Doc. No. 162). However, the court reserved ruling on Malleo's Motion in Limine No. 3, and AbbVie's Motions in Limine Nos. 3, 4, and 9. See id. In addition, the court ordered supplemental briefing (as to AbbVie's Motions in Limine Nos. 3 and 4) and requested further submission concerning experts for both sides (at issue in Malleo's Motion in Limine No. 3 and AbbVie's Motion in Limine No. 9).

The parties have submitted further material. Based on that, as well as the original filings, the court rules as follows:

With respect to AbbVie's Motion in Limine No. 3 ("MIL No. 3") (Doc. No. 125 ¶ 3), Malleo has withdrawn his proposed witness and evidence as to all comparators that are the subject of MIL 3, except for Jennifer Eklof. See Plaintiff's Memorandum in Further Opposition to Defendant's Motions in Limine Numbered 3 and 4 ("Pl. Supp. Mem.") (Doc. No. 168) at 5. Upon review of the briefing and exhibits concerning Ms. Eklof, the

1

court denies MIL No. 3 and will permit evidence concerning Ms. Eklof in the plaintiff's case in chief, subject of course to evidentiary rulings such as hearsay.

The court find that, even under what AbbVie describes as the current, harder standard for the introduction of comparator evidence, Malleo has shown that Ms. Eklof is substantially similar. While the investigation of Ms. Eklof occurred after Malleo left the company, her conduct occurred in the same timeframe (2016) as Malleo's conduct. See Pl. Supp. Mem. at 6. Further, in addition to the "nature of issue(s)" AbbVie notes, Defendant's Supplemental Briefing in Support of its Motions in Limine Nos. 3 and 4 ("Def. Supp. Mem.") (Doc. No. 169-1) at 3, it was reported to the investigator that Ms. Eklof gave improper nurse educator directions. See Pl. Supp. Mem. at 7 (citing Ex. I, 84:16-85:13). Thus, there is overlap on the nature of the charges. Finally, the plaintiff and Ms. Eklof were Account Executives and had the same chain of supervision. For all of these reasons, the court concludes that Malleo has justified the admission of one comparator, Ms. Eklof, as similarly situated, and as allegedly committing acts to similar to Malleo, at approximately similar times, but receiving different treatment. The court finds that the evidence is relevant and probative, and while having prejudicial impact, the probative value outweighs the prejudicial effect.

With regard to AbbVie's Motion in Limine No. 4 ("MIL No. 4") (Doc. No. 125 ¶ 4), the motion to preclude Mr. Gunter's testimony is granted. While Conley was involved with both Malleo and Gunter, they did not occupy the same positions. Further, the "similar" conduct that Malleo points to—tubing challenges—that formed the alleged basis for retaliation occurred at different times. In addition, Gunter raised eight allegations; Malleo raised one. Gunter testified that he viewed the retaliation against

him as driven by all eight complaints, not just the tubing issue.  Therefore, the court concludes that Gunter and Malleo are not similarly situated such that Gunter's evidence would be relevant and probative, and to the extent that it is, its prejudicial effect would substantially outweigh its probative value.

With regard to the parties' experts, the court finds the submissions to be incomplete.  With regard to AbbVie's expert (at issue in Plaintiff's Motion in Limine No. 3), it does not appear, at least with regard to Estimate 1 and 2, that Dr. Kursh has provided the basis for the methodologies he uses.  At oral argument, the court stated that, after stating an opinion he would offer, Dr. Kursh needs to set forth the "basis," by which the court explained was not only the data he used, but also that he applied "a proper methodology in his field of expertise. [E.g.] Do people rely on national data for length of medium time to employment to determine a particular job and losses in that particular job?"  Transcript ("Tr.") (Doc. No. 167) at 46:4–10.  AbbVie is ordered to supplement his disclosure to add this, if it exists, and to do so within 14 days.  If not, the court will likely grant Malleo's MIL No. 3.

With regard to Malleo's disclosure of his treating physician, Dr. White (at issue in Defendant's Motion in Limine No. 9), the court is not impressed with the clarity of his initial disclosure.  However, the court will not preclude Dr. White from testifying.  AbbVie can take his deposition and require an exam of Malleo on the area Dr. White is testifying about, and disclose a counter expert, who would be subject to deposition.

However, the court wants to make something clear.  The court agrees with Malleo that treating physicians may testify as fact, rather than expert, witnesses.  See, e.g., Puglisi v. Town of Hempstead Sanitary Dist. No. 2, No. 11-CV-0445 (PKC), 2013

WL 4046263, at *6 (E.D.N.Y. Aug. 8, 2013).  However, the testimony of a treating physician who has not been disclosed as an expert under Rule 26(a)(2)(C), which in the court's view, Dr. White has not been so disclosed, is not without bounds.  His testimony is confined to "information he[ ] has acquired through observation of the Plaintiff in his[ ] role as a treating physician [and] limited to the facts in Plaintiff's course of treatment." Spencer v. Int'l Shoppes, Inc., No. 06-CV-2637 (AKT), 2011 WL 4383046, at *3-4 (E.D.N.Y. Sept. 20, 2011).  A treating physician not disclosed under Rule 26 may not rely on information provided by another doctor, or information provided in preparation to testify.  See Puglisi, 2013 WL 4046263, at *6.  "[T]he key to what a treating physician can testify to without being declared an expert is based on his/her personal knowledge from consultation, examination and treatment of the Plaintiff, not from information acquired from outside sources." Id. (internal quotation marks omitted).

Further, Malleo has produced in discovery a letter from Dr. White which describes his diagnosis and prognosis of Malleo.  Assuming none of this rests on information from other doctors, or anyone other than Malleo, Dr. White may testify.  If Malleo expects Dr. White to testify beyond that disclosure, then his disclosure is insufficient.  A summary of opinions and bases would have to be produced by counsel. If any further testimony is contemplated, and Malleo does not wish to have it precluded, a proper Rule 26 disclosure for experts not retained for trial, see Fed. R. Evid. 26(a)(2)(C), must be made within 14 days.  If he does not do so, any further testimony will be precluded.

**SO ORDERED.**

Dated this 2nd day of July, 2020 at New Haven, Connecticut.

                                           /s/ Janet C. Hall  
                                          Janet C. Hall  
                                          United States District Judge